UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MIGUEL BORRERO,

                              **Plaintiff,**                14-CV-05304 (LTS)(SN)

                -against-                             **REPORT AND RECOMMENDATION**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                              **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE LAURA T. SWAIN:**

      *Pro se* plaintiff Miguel Borrero brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of the final determination of the Commissioner of Social Security (the "Commissioner") denying his application for Social Security Disability Insurance Benefits ("DIBs"). The Commissioner filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Borrero's claims are time-barred by Section 205(g), which sets a sixty-day limit for a claimant to file a civil action seeking judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).

      It is undisputed that Borrero's claim was not timely filed. Because Borrero may have been pursuing his rights diligently but has not demonstrated that some extraordinary circumstances stood in his way, I recommend that the Commissioner's motion to dismiss be GRANTED, and that Borrero's claim be dismissed with prejudice.

## PROCEDURAL BACKGROUND

On October 1, 2002, Borrero filed an application for DIBs. (ECF No. 1-4 (ALJ Decision - Unfavorable).) On August 27, 2004, the administrative law judge ("ALJ") found Borrero disabled under the Act as of September 26, 2002, and disability payments commenced thereafter. Id. In December 2010, the Commissioner initiated a continuing disability review. Id. After numerous hearings and determinations, the ALJ issued a final decision, on July 5, 2013, finding that Borrero's disability had ended pursuant to Section 223(f) of the Act. Id. Borrero sought review of the decision by the Appeals Council, and on April 25, 2014, the Appeals Council sent a notice to Borrero denying his request. (ECF No. 1-5 (Notice of Appeals Council Action).) The notice informed Borrero that he had a right to commence a civil action within 60 days of receipt of the notice, which would make June 30, 2014 the last day to file a timely complaint. (See ECF No. 1-6; infra note 1.) Borrero's complaint was filed with the Court's *Pro Se* Office on July 9, 2014.

On December 1, 2014, the Commissioner filed a motion to dismiss or, in the alternative, for summary judgment, with supporting memorandum of law, declaration, and Rule 56.1 statement, arguing that Borrero's claims are time-barred by Section 205(g) of the Act. (ECF Nos. 10–13.) On January 8, 2015, the Court issued an Order to Show Cause, directing Borrero to file a declaration providing whatever information he had to support the argument that he had "been pursuing his rights diligently" and that "some extraordinary circumstances stood in his way" such that the Court should toll the time period for filing his complaint. (ECF No. 15 (citing Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005).) On February 11, 2015, Borrero filed a letter with the Court. (ECF No. 16.) Borrero explained that he had been waiting for the National Association of Disability Representatives ("NADR") to appoint him a lawyer. (Id.) On April 25, 2014, he went to the Social Security Office in Monticello, New York to request an extension and

learned that NADR only handles state, not federal, disability claims. (Id.) He was given contact information for the Southern District of New York, contacted the District Court, and thereafter sent his claim to the *Pro Se* Office. (Id.)

## DISCUSSION

**I.    Standard of Review**

Judicial review of cases arising under Title II of the Act is provided for, and expressly limited by, Sections 205(g) and (h) of the Act. 42 U.S.C. §§ 405(g), (h). Under these provisions, a plaintiff must present her claims in the district court within 60 days after the mailing of the notice of a final decision, or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). "Because the 60-day time limit defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." Davila v. Barnhart, 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986); Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995)).

The "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." Bowen, 476 U.S. at 478 (citations omitted). And because the expiration of the statute of limitations is an affirmative defense, it is best asserted under Rule 12(b)(6). Rodriguez ex rel. J.J.T. v. Astrue, 10 Civ. 9644 (PAC)(JLC), 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011) ("[A] motion to dismiss on statute of limitations grounds . . . 'generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1).'" (quoting Nghiem v. U.S. Dep't of Veterans Affairs, 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006), aff'd, 323 F. App'x 16 (2d Cir. 2009))).

In deciding a 12(b)(6) motion, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the

plaintiff." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (citing cases).

## II.     Timeliness of Filing

Section 205(g) of the Act provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). The "mailing" is the date the individual receives the Appeals Council's notice or decision, which is presumed to be five days after the notice's date unless "there is a reasonable showing to the contrary." Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984) (citing 20 C.F.R. §422.210(c)); Marquez v. Comm'r of Soc. Sec'y, 12 Civ. 8151 (PAE)(SN), 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013) (citing same); Bender v. Astrue, 09 Civ. 5738 (KAM), 2010 WL 3394264, at *3 (E.D.N.Y. Aug. 23, 2010) (citing 20 C.F.R. §§ 404.981, 422.210(c)).

Failure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*. See, e.g., Twumwaa v. Colvin, 13 Civ. 5858 (AT)(JLC), 2014 WL 1928381, at *3-4 (S.D.N.Y. May 14, 2014) (dismissing *pro se* complaint filed seven days late); Courtney v. Colvin, 13 Civ. 2884 (AJN)(SN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (four days late); Rodriguez ex rel. J.J.T., 2012 WL 292382, at *2 (three weeks late); Johnson v. Comm'r of Soc. Sec'y, 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007) (nine days late); Monje v. Shalala, 93 Civ. 4707 (MBM), 1995 WL 540028, at *1, 3 (S.D.N.Y. Sept. 4, 1995) (six days late), aff'd, 112 F.3d 504 (2d Cir.

1996); Smith v. Comm'r of Soc. Sec'y, 08 Civ. 1547 (NGG), 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (four days late).

Here, the ALJ denied Borrero's claim for DIBs on July 5, 2013. On April 25, 2014, the Appeals Council sent a notice to Borrero denying his request to review the ALJ's decision. Therefore, Borrero is presumed to have received the notice five days after the notice's April 25, 2014 date, or by April 30, 2014. As a result, the last day to file a timely complaint was 60 days later, or by Monday, June 30, 2014.[1] Borrero, however, submitted his complaint to the *Pro Se* Office for the Southern District of New York nine days after the statutory deadline, or July 9, 2014, and did not provide reasons for the delay. Nor did Borrero request from the Commissioner "further time" in which to file his action. See 42 U.S.C. § 405(g). As a result, his complaint is untimely.

### III. Equitable Tolling

The doctrine of equitable tolling may excuse a failure to file a complaint on time. "[C]ases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Bowen, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 329 (1976)). To obtain the benefit of equitable tolling, a claimant must show that although "he has been pursuing his rights diligently . . . some extraordinary circumstance stood in his way." Torres, 417 F.3d at 276, 279 (finding that the district court abused its discretion by not holding an evidentiary hearing where a *pro se* plaintiff reasonably believed that an attorney would assist him in filing a complaint, and upon notification that it had not been filed, he immediately contacted the court to submit a sworn affidavit explaining the delay (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Dixon

---

[1] The sixtieth day after April 30, 2014 was Sunday, June 29, 2014. Therefore, plaintiff had until that Monday, June 30, 2014, to file his complaint. See Fed. R. Civ. P. 6(a)(3)(A).

v. Shalala, 54 F.3d 1019, 1033 (2d Cir. 1995) (finding equitable tolling appropriate even where "the party against whom it is asserted has [not] engaged in some egregious affirmative misconduct"); Canales v. Sullivan, 936 F.2d 755, 759 (2d Cir. 1991), on reh'g 947 F.2d 45 (finding equitable tolling appropriate where the claimant was incapacitated due to a mental impairment). The claimant bears the "burden of demonstrating the appropriateness of equitable tolling." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

Equitable tolling has been deemed appropriate, however, only in the "rare case." Bowen, 476 U.S. at 481. See, e.g., Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988) (declining to toll the deadline due to claimant's assertion of poor health); Twumwaa, 2014 WL 1928381, at *4 (declining to toll the deadline where the claimant stated only that she was "stressed," "in pain," and "gave the motion to [her] former attorney to respond"); Marquez, 2013 WL 3344320, at *5 (declining to toll the deadline where claimant did "not allege a misunderstanding or incapacity . . . nor . . . any diligence"); Guinyard v. Apfel, 99 Civ. 4242 (MBM), 2000 WL 297165, at *3 (S.D.N.Y. March 22, 2000) (declining to toll the deadline where claimant failed to "present some affirmative evidence indicating that the actual receipt [of the Notice of Appeals decision] occurred more than five days after issuance" or that she was incapacitated by mental impairment during the statutory time period); Bender, 2010 WL 3394264, at *4 (declining to toll the deadline due to alleged medical ailments). This is because reopening a petitioner's "claim would frustrate the congressional purpose, plainly evidenced in [Section] 205(g), to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision." Califano v. Sanders, 430 U.S. 99, 108 (1977).

Reviewing Borrero's complaint and February 11, 2015 letter in the light most favorable to him, Borrero may have been pursuing his rights diligently, but he has not demonstrated that some extraordinary circumstances stood in his way to prevent his timely filing. Although

Borrero's correspondence is not entirely clear, some of the evidence suggests that Borrero pursued his rights diligently: he sought a lawyer from NADR and appears to have gone to the Monticello Social Security Office (the "Monticello Office") to seek an extension when he was concerned about filing within the 60-day deadline. Other evidence, however, suggests that he was less than diligent. (See ECF No. 16.) He indicates that he went to the Monticello Office to seek the extension on April 25, 2014, the same day that the Appeals Council's denial notice is dated. (Compare ECF No. 1-5 (Notice of Appeals Council Action) with ECF No. 16 (Borrero letter).) Because the 60-day clock began to run five days after April 25, 2014, Borrero would not yet have needed the extension on that date. Even assuming he went to the Monticello Office on or about April 25, 2014 and learned that NADR does not assist with federal disability claims, he did not file his complaint immediately thereafter but waited over two months, or until July 9, 2014, to do so – at which point he had missed the statutory deadline. Regardless of these discrepancies, however, the Court need not determine whether he satisfies the diligence prong for tolling because Borrero's justification falls short of satisfying the second prong required to warrant tolling: "extraordinary circumstances." Torres, 417 F.3d at 278.

Borrero's reliance on NADR to appoint him a lawyer in a timely fashion does not rise to the level of misunderstanding that other courts have deemed extraordinary. (ECF No. 16). See, e.g., Torres, 417 F.3d at 277-78; Hernandez v. Sullivan, 91 Civ. 1836 (LBS), 1991 WL 243451 (S.D.N.Y. Nov. 8, 1991). In Torres v. Barnhart, for example, the *pro se* plaintiff presented communications between himself and an attorney who had affirmatively, and in writing, agreed to represent him in his appeal. 417 F.3d at 277-78. The lawyer sent the plaintiff a letter giving him various instructions, and enclosing a Social Security Appointment of Representative and Appointment of Representative forms, both of which the plaintiff signed and sent back to the lawyer. Id. Upon learning that the lawyer never filed his appeal with the district court, the

7

plaintiff immediately wrote to the *Pro Se* Office and attached a notarized statement explaining his failure to file his appeal timely. Id. Similarly, in Hernandez v. Sullivan, the court held that equitable tolling was appropriate where the plaintiff relied on the written legal advice of his attorney, but that advice informed him of an incorrect filing deadline. 1991 WL 243451. See also Reape v. Colvin, 13 Civ. 1426 (GTS)(CFH), 2015 WL 275865, at *4 (N.D.N.Y. Jan. 22, 2015) (discussing Torres and Hernandez and holding that the plaintiff's allegations that his attorney provided "bad advice" and "multiple individuals" at the Social Security Office told him he was within the time limits were "conclusory and vague," and thus, insufficient to demonstrate extraordinary circumstances to warrant tolling). In both Torres and Hernandez, "extraordinary circumstances" were demonstrated where the *pro se* plaintiffs were represented *and* relied on their attorney's affirmative (mis)advice. Here, Borrero had not engaged an attorney and did not affirmatively rely on the advice of an attorney in missing the deadline.

  Nor was Borrero mentally, or otherwise, incapacitated, which could demonstrate "extraordinary circumstances." Cf. Canales, 936 F.2d 755. See Boos, 201 F.3d at 185 ("[Plaintiff's] conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling."). Indeed, Borrero's compliance with the statute of limitations at earlier stages of the appeals process – namely his request to the Appeals Council – "indicates that he was accustomed to operating under time constraints and capable of doing so, even when acting *pro se*." Monje, 1995 WL 540028, at *3. Demonstrating "extraordinary circumstances" is a difficult standard to satisfy, and Borrero has not met it. Borrero's failure to file his complaint within the statutory period warrants dismissal.

**CONCLUSION**

Because Borrero has not demonstrated that, regardless of whether he pursued his rights diligently, some extraordinary circumstances stood in his way, I recommend that the Commissioner's motion to dismiss be GRANTED, and that Borrero's claim be dismissed with prejudice.

\*   \*   \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura T. Swain at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Swain. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         February 25, 2015